UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RALPH CATO,                          )
                                     )
            Petitioner,              )
                                     )
    vs.                              )        Case No. 4: 20 CV 629 RWS
                                     )
EILEEN RAMEY,                        )
                                     )
            Respondent.              )

## MEMORANDUM AND ORDER

Petitioner Ralph Cato is an inmate at the Jefferson City Correctional Center in Jefferson City, Missouri.  Petitioner was convicted by a jury of first-degree murder, Class B first-degree assault, and three counts of  armed criminal action in the City of St. Louis, Missouri (Case Number 1322-CR3426-01).  Petitioner was sentenced to life without parole, a concurrent term of thirty years, three concurrent terms of twenty years, and a concurrent term of fifteen years.

Petitioner's conviction and sentence were affirmed on appeal by the Missouri Court of Appeals on March 29, 2016.  Petitioner filed a *pro se* post-conviction motion to vacate, set aside, or correct his judgment and sentence under Missouri's Criminal Rule 29.15.  Counsel was appointed to represent him, and petitioner filed an amended Rule 29.15 motion alleging that his trial attorney was ineffective for failing to make an offer of proof and cross-examine the decedent's

mother about the decedent's character[1] and for failing to advise him that he could

offer to enter an *Alford* plea.  Petitioner also argued that direct appeal counsel was

ineffective for failing to appeal the trial court's admission of a Facebook post made

by petitioner.  After an evidentiary hearing, the trial court denied the motion and

held that petitioner did not receive ineffective assistance of counsel.

Petitioner appealed the denial of his Rule 29.15 motion on the sole ground

that the motion court clearly erred when it determined that counsel was not

ineffective for failing to make an offer of proof regarding the decedent's alleged

gang membership and drug dealings.  The Missouri Court of Appeals affirmed the

denial of post-conviction relief in an opinion dated August 13, 2019, finding that

counsel did not err by failing to make an offer of proof because vague allegations

that someone else may have committed the crime did not constitute admissible

alternative perpetrator evidence and petitioner was not prejudiced because he was

convicted based on evidence that he had a prior disagreement with the decedent, a

photo of petitioner with a gun in his waistband from the day of the shooting, and

two eyewitness identifications.

In his petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner

raises the following grounds for relief:

---

[1] Petitioner claimed that the decedent was in a gang and dealt drugs and could have been shot by
a disgruntled gang member or marijuana customer.

1) his appellate attorney was ineffective for failing to appeal the trial court's denial of petitioner's proposed cross-examination of the decedent's mother as to the character of the decedent;

2) trial counsel was ineffective for failing to make an offer of proof as to the character of the decedent;

3) appeal counsel was ineffective for failing to appeal the trial court's admission of a Facebook photo of him with a gun in his waistband from the day of the shooting based on a lack of foundation, as opposed to the argument she made about relevance, prejudicial effect, and lack of probative value; and

4) trial counsel was ineffective for failing to advise him that he could enter an *Alford* plea.

Petitioner is not entitled to relief on any grounds raised in his § 2254 petition for

the reasons set out below.

## Factual Background

In affirming petitioner's conviction and sentence, the Missouri Court of

Appeals summarized the facts of his case as follows:

Ralph Cato appeals his convictions of one count of first-degree murder, two counts of first-degree assault, and three counts of armed criminal action arising out of an incident in the City of St. Louis on July 16, 2013, in which Cato opened fire on a porch occupied by Kenyatia Eddy, Charles Moorehead, and Jonathon Robinson. Robinson was wounded and Moorehead died . . . .

Cato, Moorehead, and Robinson went to school together as teenagers. Cato changed schools in high school and Robinson and Cato did not see each other again until 2013 when Robinson began selling Cato marijuana. That summer, Cato wanted to purchase some marijuana from Robinson on credit, but Robinson refused and a dispute ensued that led to a fist-fight between them. Moorehead was present during the fight but did not participate. Cato

3

and Robinson bloodied each other during the fight and after it broke up, Cato threatened to get a gun.  A few days later, on July 16, 2013, Robinson went to Moorehead's house and Moorehead showed Robinson a photograph of Cato with a gun sticking out of his waistband that was posted to Cato's Facebook account.  That afternoon, Robinson and Moorehead sat out on Moorehead's front porch with Moorehead's cousin, Eddy, when Robinson and Eddy noticed Cato coming towards the porch with a gun.  They tried to flee but Cato began firing shots, hitting Robinson and Moorehead, before Cato fled.  Moorehead died from the gunshot wounds.

Cato was tried by jury.  At trial, both Robinson and Eddy identified Cato as the shooter.  The jury convicted him of one count of first-degree murder, two counts of first-degree assault, and three counts of armed criminal action.

[Doc. 7-7].

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)).  If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally

4

defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10–11 (2012).

Where the state court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams,* 529 U.S. at 412–13).  "A federal court may grant relief under the

5

'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for

6

fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).  This standard is difficult to meet.  *Metrish*, 569 U.S. at 357-58.

## Discussion

Grounds 1, 3 and 4 of petitioner's habeas petition will be denied as procedurally defaulted because they were not raised on appeal from the denial of post-conviction relief, and petitioner makes no attempt to avoid the resulting bar of these claims either in his petitioner or traverse.  Procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if petitioner's post-conviction counsel was ineffective in failing to assert the claim to the trial court in the motion.  *Martinez*, 566 U.S. at 17. "*Martinez* offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012).  *Martinez* also does not apply to defaulted claims of ineffective assistance of direct appeal counsel, as opposed to ineffective assistance of trial counsel.  *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014); *Roberts v. Vandergriff*, Cause No. 4:18CV1881 SRW, 2021 WL 168752, at *5 (E.D. Mo. Jan. 19, 2021) (citing *Dansby*).  For these reasons, Ground 1, 3 and 4 of petitioner's habeas petition are denied as procedurally defaulted.

These claims are also meritless.  Petitioner brings only ineffective assistance of counsel claims in his petition.  The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To state a claim for ineffective assistance of counsel, petitioner must prove two elements of his claim.  First, he "must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error.  *Id.*  Second, petitioner "must show that the deficient performance prejudiced the defense." *Id.* at 687.  This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

In Ground 1, petitioner argues that his direct appeal counsel was ineffective for failing to argue on appeal that the trial court should not have limited cross-examination of the decedent's mother.  The motion court rejected this claim in

conjunction with petitioner's related claim that trial counsel was ineffective for

failing to make an offer of proof on this issue, concluding that the character

evidence regarding the decedent was inadmissible and that neither trial nor

appellate counsel were ineffective for failing to raise this issue.  As discussed

below, the Missouri Court of Appeals, when considering Ground 2 of petitioner's

petition, also concluded that this evidence was not admissible.  Appellate counsel

cannot be ineffective for failing to make a meritless argument on appeal. *See*

*Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *Harvey v. United*

*States*, Cause No. 4:18CV1158 JAR, 2020 WL 7695413, at *5 (E.D. Mo. Dec. 28,

2020) ("When a claim has no chance of proving meritorious, counsel is not

ineffective for failing to raise it.").  Therefore, the state court's determination that

petitioner did not receive ineffective assistance of appellate counsel is entitled to

deference as the decision was not contrary to, or an unreasonable application of,

clearly established federal law, and it was not based on an unreasonable

determination of the facts in light of the evidence presented at the Rule 29.15

hearing.  *See* 28 U.S.C. § 2254(d)(1) and (2); *Williams*, 529 U.S. at 379.  As such,

Ground 1 of petitioner's habeas petition is denied.

In Ground 3, petitioner argues that appeal counsel was ineffective for failing

to appeal the trial court's admission of a Facebook photo of him with a gun in his

waistband from the day of the shooting based on a lack of foundation, as opposed

9

to the argument she made about relevance, prejudicial effect, and lack of probative value.   On direct appeal, the Court of Appeals concluded that petitioner had not shown any prejudice from the admission of the photograph because it was not shown that the photograph was of a prior bad act or crime, it was undisputed the gun in the photo was not the gun used in the crime, the photo gave the jury a complete picture of the events, and petitioner was positively identified as the shooter by two witnesses.   At the Rule 29.15 hearing, appellate counsel testified that she did not believe that the lack of foundation argument would succeed, and that the lack of relevance argument was a stronger argument on appeal.   The motion court concluded that appellate counsel's strategy was reasonable and denied the ineffective assistance of counsel claim.   Given the appellate court's determination that petitioner was not prejudiced by the admission of the photo, petitioner cannot meet his burden of demonstrating that he was prejudiced by appellate counsel's failure to raise the argument regarding foundation on appeal. "Counsel is not ineffective for failing to pursue [an argument] that [s]he reasonably believes would be futile." *Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014).   Therefore, the state court's determination that petitioner did not receive ineffective assistance of appellate counsel is entitled to deference as the decision was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts in light of

the evidence presented at the Rule 29.15 hearing. *See* 28 U.S.C. § 2254(d)(1) and

(2); *Williams*, 529 U.S. at 379. Ground 3 of the petition is denied.

In Ground 4, petitioner argues that trial counsel was ineffective for failing to

advise him that he could enter an *Alford* plea. The motion court rejected this claim

because there was no evidence that a plea deal was ever offered, or would have

been accepted by the State or the trial court. "[T]here is no constitutional right to

plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (U.S. 1977).

Accordingly, the trial court's determination that petitioner did not receive

ineffective assistance of trial counsel is entitled to deference as the decision was

not contrary to, or an unreasonable application of, clearly established federal law,

and it was not based on an unreasonable determination of the facts in light of the

evidence presented at the Rule 29.15 hearing. *See* 28 U.S.C. § 2254(d)(1) and (2);

*Williams*, 529 U.S. at 379. Ground 4 of the petition is denied.

In Ground 2 of his habeas petition, petitioner claims that trial counsel was

ineffective for failing to make an offer of proof as to the character of the decedent.

This claim is not procedurally defaulted as it was raised on appeal of the denial of

petitioner's motion for post-conviction relief. After setting out the standards

governing ineffective of assistance of counsel claims, the Missouri Court of

Appeals rejected this claim on the merits as follows:

In his sole point on appeal, Movant argues the motion court clearly erred in

denying his claim trial counsel was ineffective for failing to make an offer of proof regarding Decedent's alleged gang membership and marijuana dealings.  Movant claims had the offer of proof been made and the evidence been admitted, there is reasonable probability Movant would have been acquitted. Movant argues in the alternative, had the offer of proof been made and the evidence was excluded, the case likely would have been reversed on appeal.  Respondent argues the evidence Movant claims defense counsel should have presented in an offer of proof was inadmissible and that Movant's alternative argument is not a recognized claim under Rule 29.15. For the performance prong of the *Strickland* test, Movant needs to overcome the strong presumption his counsel's conduct was reasonable and effective. *Zink*, 278 S.W.3d at 176.  Movant must point to 'specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.*  To raise a successful ineffective assistance of counsel claim based on failure to make an offer of proof, Movant must prove the evidence would be admissible if the offer of proof had been made. *Barnes v. State*, 334 S.W.3d 717, 722 (Mo. App. E.D. 2011).  At the evidentiary hearing, [attorney] Waltz testified the defense strategy at trial was alibi and mistaken identification. Waltz said evidence of Decedent's "gang-life" tattoo and marijuana dealings could have supported a partial defense theory that someone else committed the crime.  Evidence of an alternate perpetrator "must tend to prove that the other person committed some act directly connecting him with the crime."  *State v. Nash*, 339 S.W.3d 500, 513 (Mo. banc 2011) (quoting *State v. Rousan*, 961 S.W.2d 831, 848 (Mo. banc 1998)).  When the evidence is only that someone else may have had motive or opportunity to commit the offense, alternate perpetrator evidence is not admissible.  *State v. Bowman*, 337 S.W.3d 679, 686 (Mo. banc 2011).  "Counsel cannot be deemed ineffective for failing to do that which would have been futile."  *State v. Danback*, 886 S.W.2d 204, 209 (Mo. App. E.D. 1994); *see also Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989) (counsel cannot be ineffective for failing to make a non-meritorious objection).  The vague allegation [that] an unknown disgruntled gang member or unknown marijuana customer may have committed the crime is not admissible alternative perpetrator evidence. Therefore, Movant's counsel was not ineffective because failing to make the offer of proof would have been futile.  Even if Movant could prove the performance prong of the Strickland test, he has not established prejudice from counsel's failure to make an offer of proof.  Movant must show "but for" the alleged unprofessional error of counsel, the result of the proceeding

> would have been different. *Strickland*, 466 U.S. at 694. At the evidentiary hearing, Dodson stated her son was not in a gang and did not deal drugs. She had no knowledge what was on Facebook about her son. Had this cross-examination been allowed at trial, it would not have helped Movant. The motion court correctly found it was mere speculation when Movant claimed Dodson's testimony portraying her son as a good kid "roused" the jury to convict Movant. The State's evidence at trial was the prior disagreement and fist fight between Movant and Robinson; the Facebook photo of Movant with a gun in his waistband from the same day of the shooting; and the two eyewitness identifications of Movant. Counsel's failure to make an offer of proof did not prejudice Movant.

[Doc. 7-14]. Given the inadmissibility of the proposed evidence of the decedent's bad character under state law, the state court's determination that petitioner did not receive ineffective assistance of trial counsel for failing to make an offer of proof on this issue is entitled to deference as the decision was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts in light of the evidence presented at the Rule 29.15 hearing. *See* 28 U.S.C. § 2254(d)(1) and (2); *Williams*, 529 U.S. at 379; *Rodriquez*, 17 F.3d at 226 (counsel not ineffective for failing to make meritless argument as a matter of law); *Arnold*, 675 F.3d at 1082 ("We do not second-guess the decision of a Missouri state court on Missouri law."). The state court's findings on the lack of prejudice to petitioner are entitled to deference for the same reason. Ground 2 is denied.

To the extent petitioner's habeas petition is construed as requesting an evidentiary hearing, it will be denied. Generally, an evidentiary hearing is within a

habeas court's discretion, as limited by statutory restrictions set forth in the

AEDPA.  *See Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007); 28 U.S.C. §

2254(e)(2).  "In deciding whether to grant an evidentiary hearing, a federal court

must consider whether such a hearing could enable an applicant to prove the

petition's factual allegations, which, if true, would entitle the applicant to federal

habeas relief."  *Schriro*, 550 U.S. at 474.  In addition, a federal habeas court must

take into account "the deferential standards" under the AEDPA that "control

whether to grant habeas relief."  *Id.*  A habeas court need not hold an evidentiary

hearing "if the record refutes the applicant's factual allegations or otherwise

precludes habeas relief."  *Id.* (internal quotation marks and citation omitted).  As

petitioner's claims are conclusively refuted by the record, the Court denies any

request for an evidentiary hearing.  *See Crawford v. Norris*, 363 Fed. Appx. 428, at

*2 (8th Cir. 2010) ("If the factual allegations a petitioner seeks to prove would not

entitle him to relief under the relevant standard, then an evidentiary hearing is not

required.").

As petitioner has not made a substantial showing of the denial of a federal

constitutional right, this Court will not issue a certificate of appealability.  *See Cox

v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878,

882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable

jurists, reasonably subject to a different outcome on appeal or otherwise deserving

14

of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas

corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of

appealability, as petitioner has not made a substantial showing of the denial of a

federal constitutional right.

A Judgment in accordance with this Memorandum and Order is entered this

same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2021.

15